**LIBERTY INSURANCE CORPORATION, Plaintiff-Appellee,**

v.

**ADMIRAL INSURANCE COMPANY, Defendant-Appellant.**

**No. 16-1983-cv**

United States Court of Appeals, Second Circuit.

April 25, 2017

FOR APPELLANT: JUSTIN N. KINNEY (Kathleen J. Devlin, on the brief), Kinney Lisovicz Reilly & Wolff PC, New York, NY.

FOR APPELLEE: MARSHALL T. POTASHNER (David R. Shyer, on the brief), Jaffe & Asher LLP, New York, NY.

PRESENT: GUIDO CALABRESI, RICHARD C. WESLEY, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Admiral Insurance Company appeals from a judgment of the District Court (D'Agostino, J.) granting summary judgment in favor of Liberty Insurance Corporation. Applying New York law, the District Court held that Admiral's insurance policy required coverage of litigation costs of certain additional insureds on a primary basis, while Liberty's policy provided only excess coverage. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We agree with the District Court that the Liberty policy's "Other Insurance" section provides that the policy is primary only as to the additional insureds' "own . . . policies"—that is, those policies on which they are named insureds. Even accepting Admiral's view that the "in comparison" clause describes the content of the Schenectady contract, we interpret the Liberty policy's reference to the additional insureds' "own . . . policies" to mean that the Liberty policy is primary "in comparison" only to the policies of the additional insureds. That interpretation of the "in comparison" clause comports with the "reasonable expectations of a business person," VAM Check Cashing Corp. v. Fed. Ins. Co., 699 F.3d 727, 729 (2d Cir. 2012), and gives the clause its own "force and effect," Raymond Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 5 N.Y.3d 157, 162, 800 N.Y.S.2d 89, 833 N.E.2d 232 (2005) (quotation marks omitted). We therefore conclude that the District Court correctly determined that the Liberty policy is excess to, not co-primary with, the Admiral policy.

We have considered Admiral's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.